UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR HOOKS                                          CIVIL ACTION

VERSUS                                                NO. 22-453

STEPHANIE LALONDE, ET AL.                             SECTION "J"(4)

## ORDER & REASONS

Before the Court is a *Motion for Reconsideration* **(Rec Doc. 35)** filed by Plaintiff, Arthur Hooks. The motion is opposed (Rec. Doc. 38) by Defendant, Michael Allen. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the Plaintiffs' motion (Rec. Doc. 35) should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff's complaint arises from an ongoing criminal case, during which his attorney sought a competency evaluation. The sole allegation against Michael Allen is that "Michael Allen District Attorney can clearly see that those charges are bogus and basis [sic] but continue to sue." (Rec. Doc. 1, at 5). Plaintiff sought monetary damages and "to restrain all defendants from interfering with the Plaintiff." *Id.* at 6.

Defendant, Michael Allen, filed a motion to dismiss for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. (Rec. Doc. 32-1). Defendant set the motion for submission on November 2, 2022. Plaintiff, however, failed to file a timely opposition. Because it further appeared to the Court that the motion has merit, the Court granted

the motion to dismiss on October 28, 2022. (Rec. Doc. 34). Plaintiff seeks reconsideration of the Court's Order dismissing Mr. Allen.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant

must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

On November 4, 2022, Plaintiff filed the instant motion for reconsideration of the Court's Order dismissing Mr. Allen. Plaintiff argues that he should be granted protection from retaliation because he was a whistleblower, alleging Mr. Allen conspired with the other defendants in this case to seek a wrongful conviction. Plaintiff seeks reconsideration based on his impression that this matter was being reviewed by a higher court, and he was unaware he needed to respond to Mr. Allen's motion.

However, Plaintiff failed to clearly establish any of the factors necessary for the Court to reconsider its previous motion. Plaintiff seemingly contends that, because he appealed to the Fifth Circuit, he had no obligation to submit a response to the motion to dismiss, due on October 25, 2022. However, the Fifth Circuit dismissed his appeal on September 21, 2022; (Rec. Doc. 30); over one month before his opposition was due. Therefore, this argument is unavailing.

The Court also declines to reconsider Plaintiff's attempt to relitigate matters that were resolved to his dissatisfaction, specifically his argument that Mr. Allen

colluded with the other named defendants to seek a wrongful conviction. Therefore, the facts in this case do not warrant the extraordinary relief associated with granting a motion for reconsideration.

## CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration (Rec. Doc. 35) is **DENIED.**

New Orleans, Louisiana, this 17th day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE